**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: UNASSIGNED

| | | |
|---|---|---|
| AIR DISTRIBUTION USA INC., | x : | |
| Plaintiff, | : : | Court No. 25-63 |
| v. | : : | |
| UNITED STATES, | : : | **COMPLAINT** |
| Defendant. | : x | |

Plaintiff, Air Distribution USA Inc., by and through its attorneys, complains of Defendant, the United States, and alleges as follows:

## INTRODUCTION

1.      This action seeks to reverse the U.S. Customs and Border Protection (Customs)'s erroneous classification and exaction of pipe tobacco federal excise taxes for Plaintiff's shisha molasses. Customs' actions are unlawful for two main reasons.

2.      *First*, Customs improperly classified Plaintiff's shisha molasses as a type of "smoking tobacco" under HTSUS subheading 2403.11.0000, which provides for Other manufactured tobacco: Smoking tobacco; Water pipe tobacco. Plaintiff's shisha molasses is not a form of "smoking tobacco" because it is not combusted and does not produce smoke to be inhaled but instead is heated by charcoal to produce a consumable vapor. Plaintiff's shisha molasses is properly classified under HTSUS subheading 2404.11.0000, which provides for Products containing tobacco: Products intended for inhalation without combustion; Containing tobacco.

3.      *Second*, as Customs itself concluded, Plaintiff's shisha molasses is not "pipe tobacco," so it is not subject to federal excise taxes on "pipe tobacco." Accordingly, Plaintiff is entitled to a refund of such exacted taxes.

## JURISDICTION

4.      This Court's jurisdiction arises under 28 U.S.C. § 1581(a), and this action is filed within the time limits prescribed by 28 U.S.C. § 2636(a)(1).

5.      On March 12, 2025, Plaintiff timely filed Protest No. 160125107381 at the Port of Charleston, South Carolina, contesting the decision by Customs to: (1) classify the Plaintiff's shisha molasses as "water pipe tobacco" under HTSUS subheading 2403.11.0000; and (2) exact federal excise taxes due only for tobacco products classified as "pipe tobacco" under HTSUS subheading 2403.19.2020.

6.      On March 27, 2025, Customs denied the protest.

7.      On April 7, 2025, Plaintiff timely filed a summons.

8.      All duties and taxes are paid.

9.      The Court's jurisdiction over all or part of the subject matter of this action is based upon Plaintiff's challenge to Customs' classification and exaction decisions.

## PARTIES

10.     Plaintiff is a California corporation and is the importer of record of the subject merchandise.

11.     Defendant United States is the proper party for decisions taken by Customs, a constituent agency of the U.S. Department of Homeland Security.

**STANDING**

12.    Plaintiff is the real party in interest and on this basis has standing to bring this action.

13.    Plaintiff's claims are within the "zone of interests" of the underlying statute, 19 U.S.C. §1514(a), which provides for judicial review of classification disputes or disputes over exactions and other charges imposed by Customs.

**FACTUAL BACKGROUND**

*Statutory Framework*

14.    The Internal Revenue Code sets forth an exhaustive list of types of tobacco products that are subject to internal revenue taxes in the form of federal excise taxes. The only tobacco products subject to federal excise taxes are: (1) small and large cigars; (2) small and large cigarettes; (3) roll-your-own tobacco; (4) cigarette papers; (5) cigarette tubes; (6) smokeless tobacco in the form of snuff or chewing tobacco; and (7) pipe tobacco. *See* 26 U.S.C. § 5701.

15.    The Internal Revenue Code defines "pipe tobacco" as "any tobacco which, because of its appearance, type, packaging, or labeling, is suitable for use and likely to be offered to, or purchased by, consumers as tobacco to be smoked in a pipe." 26 U.S.C. § 5702(n).

16.    Customs exacts federal excise taxes imposed on tobacco product imports.

*Plaintiff's Imported Shisha Molasses*

17.    Plaintiff imports and sells shisha molasses (also known as hookah tobacco).

18.    Shisha molasses is primarily a mixture of flavored molasses and tobacco that is prepared and intended to be used with a shisha (also known as a hookah). An illustrative example of Plaintiff's shisha molasses is shown in the image below:



19.    A shisha is comprised of several components, including (a) a bowl often made of clay, ceramic, or metal where the shisha molasses is placed, (b) a stem that often features a long tube made of metal that connects the bowl to a base, (c) a base container usually made of glass that holds water, (d) a hose featuring a flexible tube often made of leather, plastic, or silicone through which the consumer inhales a vapor, and (e) a charcoal tray located beneath the bowl but separated from the shisha molasses often by aluminum foil. An illustrative example of a shisha is shown below:



20.    Shisha molasses is not pipe tobacco. Pipe tobacco is a blend of tobacco used in a pipe, normally taking the form of pressed (plug) or cut tobacco, though rolled tobacco is found occasionally. Briar pipes, meerschaum pipes, and clay pipes are illustrative types of pipes used with pipe tobacco. An illustrative example of such a pipe is shown below:



Pipe tobaccos are categorized by method of manufacture, including a) medium-cut, coarse-cut, Canaster and crimp cut; b) Cavendish, flake-cut, ready-rubbed, pre-rubbed, granulated tobacco, and c) rod tobacco, rolled tobacco, curly cut, roll cake, and by casing and/or flavoring used (i.e., American mixtures, Dutch mixtures, English mixtures, and scaferlati).  Individuals consume pipe tobacco by burning the loose-leaf tobacco in the bowl of pipe and drawing the smoke from the combusted loose-leaf tobacco into the mouth.

21.    Unlike pipe tobacco, shisha molasses is heated by charcoal, not burned, and the vapors from the heated shisha molasses are passed down the stem and through the water-filled base before they are inhaled by the consumer through the shisha hose.

22.    Unlike pipe tobacco, shisha molasses is not suitable for burning, and, indeed, if combusted, will produce an unpleasant, acrid taste that is difficult to consume.

*Customs' Classification and Assessment of Plaintiff's Shisha Molasses*

23.    On September 13, 2024, Customs liquidated Plaintiff's shisha molasses as "water pipe tobacco" under HTSUS subheading 2403.11.0000, which provides for Other manufactured tobacco: *Smoking* tobacco; Water pipe tobacco.

24.     Although Customs determined Plaintiff's shisha molasses is "water pipe tobacco" classified under HTSUS subheading 2403.11.0000, not "pipe tobacco" classified under HTSUS subheading 2403.19.2020, Customs still exacted federal excise taxes from Plaintiff at the tax rate for "*pipe tobacco*" set by the Internal Revenue Code in 26 U.S.C. § 5701(f).

*Plaintiff's Protest of Customs' Classification and Assessment*

25.     On March 12, 2025, Plaintiff filed Protest No. 160125107381 contesting Customs' decision at liquidation to: (1) classify the Plaintiff's shisha molasses as "water pipe tobacco" under HTSUS subheading 2403.11.0000; and (2) exact federal excise taxes at the "pipe tobacco" rate under the Internal Revenue Code, 26 U.S.C. § 5701(f).

26.     On March 27, 2025, Customs denied the protest in full. Notably, Customs decided that Plaintiff's shisha molasses is "water pipe tobacco," not "pipe tobacco." Further, Customs decided that it is not authorized to refund any overpayment of federal excise taxes for tobacco products.

## COUNT I

(Incorrect Classification Decision – Failure to Classify as Non-Combusted Tobacco)

27.     Plaintiff repeats and incorporates paragraphs 1-26 by reference, as though fully stated herein.

28.     Plaintiff's shisha molasses is not properly classified as a type of "smoking tobacco" under HTSUS subheading 2403.11.0000 (neither as "water pipe tobacco" nor as "pipe tobacco") because shisha molasses is not combusted and is not inhaled by smoking.

29.     Plaintiff's shisha molasses is properly classified under HTSUS subheading 2404.11.0000, which provides for Products containing tobacco: Products intended for inhalation without combustion; Containing tobacco, which the HTSUS chapter notes describe as referring to

6

tobacco products that involve "inhalation through heated delivery or other means, without combustion," the precise means through which consumers inhale the vapor produced from the heating of shisha molasses using charcoal without combustion.

## COUNT II

(Erroneous Exaction Decision – Failure to Refund Federal Excise Taxes)

30.     Plaintiff repeats and incorporates paragraphs 1-26 by reference, as though fully stated herein.

31.     Plaintiff's shisha molasses does not constitute "pipe tobacco" subject to federal excise taxes under 26 U.S.C. § 5701(f).

32.     Plaintiff is entitled to a refund of the federal excise taxes Customs exacted on shisha molasses at the "pipe tobacco" tax rate.

## RELIEF

33.     WHEREFORE, Plaintiff respectfully requests that this Court:

(a)     Enter judgment in its favor;

(b)     Order that Plaintiff's shisha molasses is properly classified under HTSUS subheading 2404.11.0000;

(c)     Order that Plaintiff's shisha molasses is not "pipe tobacco";

(d)     Order that Plaintiff's shisha molasses is not subject to federal excise taxes;

(e)     Order that Defendant refund the exacted federal excise taxes, together with interest as provided by law; and

(f)     Award costs, attorneys' fees and other such relief as the court deems equitable and just.

Dated: July 24, 2025                    Respectfully submitted,

                              By:    /s/Bryan M. Haynes
                                     Bryan M. Haynes
                                     TROUTMAN PEPPER LOCKE LLP
                                     1001 Haxall Point, 15th Floor
                                     Richmond, VA 23219
                                     (804) 697-1420
                                     bryan.haynes@troutman.com

                                     Agustin E. Rodriguez
                                     TROUTMAN PEPPER LOCKE LLP
                                     1001 Haxall Point, 15th Floor
                                     Richmond, VA 23219
                                     (804) 697-1381
                                     agustin.rodriguez@troutman.com

                                     Michael B. Jordan
                                     TROUTMAN PEPPER LOCKE LLP
                                     1001 Haxall Point, 15th Floor
                                     Richmond, VA 23219
                                     (804) 697-1299
                                     michael.jordan@troutman.com

                                     Christopher J. Duncan
                                     STEIN SHOSTAK SHOSTAK POLLACK & O'HARA LLP
                                     445 S. Figueroa Street, Suite 2388
                                     Los Angeles, CA 90071
                                     (213) 630-8888
                                     cduncan@steinshostak.com